# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## AT NASHVILLE

| | |
|---|---|
| **BERNIE BUBLICK,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | )    **DOCKET NO. 3:10-cv-00939** |
| **vs.** | ) |
| | )    **JURY DEMAND** |
| **WHOLE FOODS MARKET GROUP,** | ) |
| **INC., UNILEVER, PEPSICO, INC.** | ) |
| **& STARBUCKS CORP.,** | ) |
| | ) |
|     **Defendants.** | ) |

## DEFENDANT WHOLE FOODS MARKET GROUP, INC.'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Comes now Defendant, Whole Foods Market Group, Inc., by and through counsel, pursuant to the Rules 8, 12, and 15 of the Federal Rules of Civil Procedure, and hereby responds to Plaintiff's Amended Complaint as follows:

## FIRST DEFENSE

In response to the specifically-numbered paragraphs of the Plaintiff's Amended Complaint, Defendant responds as follows:

1. Upon information and belief, the allegations contained in Paragraph Number 1 of Plaintiff's Amended Complaint are admitted.

2. Upon information and belief, the allegations contained in Paragraph Number 2 of Plaintiff's Amended Complaint are admitted.

3. Admitted.

4. Admitted.

5. It is admitted that this Defendant was properly served.

6. Admitted.

7. Defendant lacks sufficient information to admit or deny.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Defendant is without sufficient information to either admit or deny allegations contained in Paragraph Number 13 of Plaintiff's Amended Complaint.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Paragraph Number 24 of Plaintiff's Amended Complaint does not contain allegations of fault and as such no response is required.

25. Without admitting any liability, the allegations contained in Paragraph Number 25 of Plaintiff's Amended Complaint are admitted.

26. Defendant is without sufficient information to either admit or deny allegations contained in Paragraph Number 26 of Plaintiff's Amended Complaint.

27. Denied.

28. Denied.

29. Denied.

30. Defendant agrees that a jury should try this case.

## SECOND DEFENSE

Plaintiff is not entitled to any relief.

## THIRD DEFENSE

Defendant affirmatively alleges that the principles of comparative fault should govern any recovery in this case. Specifically, Defendant alleges that Plaintiff's recovery, if any, should be compared against the finding of fault of Plaintiff and other Defendants, and that Plaintiff's recovery should be reduced accordingly.

## FOURTH DEFENSE

With respect to the defense of comparative fault, Defendant affirmatively alleges that United Natural Foods, Inc., is a corporation with its corporate headquarters located at 313 Iron Horse Way, Providence, Rhode Island, and that United Natural Foods, Inc. may have been strictly liable, negligent, and/or unreasonable in determining whether the product that is the subject of the above-entitled action was in a defective condition or unreasonably dangerous when selling, storing, handling, inspecting, testing, supplying and/or distributing the product. Therefore, United Natural Foods, Inc.

must be considered by the trier of fact in determining fault for this accident under the doctrine of comparative fault.

## FIFTH DEFENSE

Defendant affirmatively alleges that the product that is the subject of the above-entitled action was improperly used by Plaintiff prior to and at the time of the accident and Plaintiff's injuries. Consequently, Plaintiff's misuse of the said product proximately caused the accident and Plaintiff's injuries and damages.

## SIXTH DEFENSE

Defendant affirmatively alleges that the product that is the subject of the above-entitled action was not unreasonably dangerous at the time it left the control of Defendant, but was made unreasonably dangerous by the subsequent unforeseeable alteration, change, improper maintenance and/or abnormal use by Plaintiff.

## SEVENTH DEFENSE

Defendant affirmatively alleges that the product that is the subject of the above-entitled action was acquired and sold by Defendant in a sealed container and/or was acquired and sold by Defendant under circumstances in which Defendant was afforded no reasonable opportunity to inspect the product in such a manner which would or should, in the exercise of reasonable care, reveal the existence of the defective condition.

## EIGHTH DEFENSE

Plaintiff fails to state a claim against Defendant upon which relief can be granted.

**WHEREFORE,** having answered as fully and as completely as required by law, Defendant respectfully requests that this Court dismiss it from this action with costs taxed to Plaintiff. Failing dismissal, Defendant respectfully requests a hearing by a jury upon the issues to be joined by all pleadings.

Respectfully submitted,

**LEITNER, WILLIAMS,
DOOLEY & NAPOLITAN, PLLC**

By: <u>**s/James P. Catalano**</u>
**JAMES P. CATALANO**
BPRN 018585
**CHARLOTTE S. WOLFE**
BPRN 027765
Attorneys for Defendant
Whole Foods Market Group, Inc.
414 Union Street, Suite 1900
Nashville, Tennessee 37219
(615) 255-7722

## **CERTIFICATE OF SERVICE**

       I hereby certify that on this 14th day of December, 2010, a copy of the foregoing Answer to Plaintiff's Amended Complaint was filed electronically. Notice of this filing will be sent by operation of the Court's Electronic Case Filing System (CM/ECF) to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's Electronic Case Filing System.

| | |
|---|---|
| Brian Cummings | James C. Wright |
| BPRN 019354 | BPRN 009285 |
| Gideon, Cooper, & Essary, PLC | Steven B. Johnson |
| Attorney for Plaintiff | BPRN 007176 |
| 1100 Noel Place | Butler, Vines & Babb, PLLC |
| 200 4th Avenue North | Attorneys for PepsiCo, Inc., Unilever, and |
| Nashville, Tennessee 37219-2144 | Starbuck Corp. |
| (615) 254-0400 | 2701 Kingston Pike |
| | P.O. Box 2649 |
| | Knoxville, Tennessee 37901 |
| | (865) 637-3531 |

                                                  By:    <u>s/James P. Catalano</u>
                                                                  **JAMES P. CATALANO**